**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DeLawrence A. King,** | ) | **CASE NO. 1:12 CV 2000** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Donald Morgan, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Vernelis K. Armstrong (Doc. 6), which recommends denial and dismissal of the Petition of Habeas Corpus pending before the Court (Doc.1). Petitioner filed Objections to the Report and Recommendation (Doc. 8) and filed a supplemental objection (Doc. 7). For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the Untied States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which

1

objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**Factual and Procedural Background**

The background facts and procedural history are fully set forth by the Magistrate Judge in the Report and Recommendation. Petitioner was convicted in state court in 2004 of two counts of murder with gun specifications and one count of felonious assault with a gun specification. The court sentenced him to fifteen years to life for the murder convictions and three years for the felonious assault conviction, plus three years on each of the gun specifications. Petitioner's sentences for the murder convictions were to run concurrently and the felonious assault conviction to run consecutively to them.

Petitioner timely appealed his conviction to the Ohio Court of Appeals. Petitioner's four assignments of error were overruled. Petitioner then filed a notice of appeal in the Supreme Court of Ohio, which was dismissed as not having any substantial constitutional question.

Petitioner filed a petition for a writ of habeas corpus in federal court in 2006. In the petition, Petitioner raised four grounds for relief:

1. Petitioner's conviction was against the manifest weight of the evidence.
2. The trial court erred by denying Petitioner's motion for judgment of acquittal pursuant to RULE 29 of the OHIO RULES OF CRIMINAL PROCEDURE.
3. The trial court abused its discretion by denying Petitioner's motion to change venue.
4. Petitioner was denied his right to effective assistance of counsel

On December 29, 2006, United States District Judge Christopher A. Boyko adopted the Magistrate Judge's report and recommendation and denied the petition for writ of habeas corpus. Petitioner's application for a certificate of appealability from the United States Court of Appeals for the Sixth Circuit was denied on October 12, 2007.

On August 3, 2009, Petitioner filed two motions in the Court of Common Pleas, Lorain County, Ohio.

1. Motion to vacate and/or set aside conviction on August 3, 2009;
2. Motion to resentence defendant journal entry filed September 24, 2004 void; noncompliance with CRIM. R. 32.

After denying the motions, Judge Christopher R. Rothgery reconsidered the motion to re-sentence based on the current state of the law, vacated the prior sentence, and ordered that the matter be scheduled for re-sentencing. Judge Rothgery entered a judgment entry of conviction and sentence on December 16, 2009, in which he concluded that based on his juvenile record, his raucous and violent behavior, and the results from a pre-sentence investigation, Petitioner was a danger to society. Petitioner was re-sentenced to:

> Count 3: Fifteen years to life on the murder charge with a three-year term on the firearm specification, for an aggregate sentence of 18 years to life.
> Count 4: Fifteen years to life on the murder charge plus the three-year term on the firearm specification which merged for purposes of sentencing with the firearm specification in count 1. Count 3 and 4 shall run consecutively to each other.
> Count 5: Three years on the felonious assault charge with a 3-year firearm specification which merged with the specification in count 3. Count 5 is to run concurrently to count 1. Upon release from prison, Petitioner was subject to 3 years of mandatory post-release control for the felonious assault.

(Doc. 6 p. 8).

Petitioner's sentences for the murder convictions are now to run consecutively. Petitioner timely appealed his resentencing. On September 20, 2010, the appellate court affirmed the conviction and overruled all three assignments of error. Petitioner filed a notice of appeal and a motion for delayed appeal in the Supreme Court of Ohio on November 30, 2010. On January 19, 2011, Chief Justice Maureen O'Connor denied the motion for delayed appeal and dismissed the case.

Petitioner filed a motion for reopening around December 16, 2010. That application was

denied. Petitioner then filed a notice of appeal to the Ohio Supreme Court. On August 24, 2011, Chief Justice O'Connor dismissed the appeal as it did not involve any substantial constitutional question

Petitioner thereafter filed this Petition for a writ of habeas corpus.

**Discussion**

In this petition, Petitioner asserts seven grounds for relief:

1. A material element was omitted from the indictment.
2. Petitioner's conviction was against the manifest weight of the evidence.
3. Trial court imposed a harsher sentence upon Petitioner after he won a successful challenge to the initial sentence.
4. The court of appeals abused its discretion when it denied Petitioner's application for reopening.
5. Petitioner's appellate counsel was ineffective for not raising the fact that the felonious assault and murder are of similar import.
6. Petitioner's appellate counsel was ineffective for not raising the State's misconduct during its closing argument in the direct appeal.
7. Petitioner's appellate counsel was ineffective for not raising trial counsel's failure to object to the State's improper statements during its closing arguments in the direct appeal.

Five of these grounds—1, 2, 5, 6, and 7—relate to Petitioner's original conviction and his appeals from that conviction, and which all arose before Petitioner's 2006 habeas petition was filed in federal court. Two of the grounds—3 and 4—relate to Petitioner's resentencing and related appeals, which arose after the 2006 habeas petition had been heard in federal court. The Magistrate Judge rejected each of Petitioner's grounds for relief. For the following reasons, the Court agrees with the Magistrate Judge that none of the grounds warrants issuance of a writ.

Magistrate Judge Armstrong recommended that Grounds 1, 2, 5, 6, and 7 be assessed under the "second or successive petition" standard of review in light of Petitioner's 2006 habeas petition. Petitioner objects that this is not a "second or successive petition." Petitioner argues that

4

because his original sentence was void and his first habeas petition occurred based on that sentence, federal court lacked jurisdiction when it heard the 2006 petition and the habeas determination has become non-existent. Petitioner argues that this is his first petition for all of his grounds for relief.

The Court agrees with the Magistrate Judge's conclusion that as to Grounds 1, 2, 5, 6, and 7, this is a "second or successive" habeas petition. The AEDPA amendments to § 2254 do not define the phrase "second or successive." However, Congress did "not write upon a clean slate" when it enacted the AEDPA. *United States v. Texas*, 507 U.S. 529, 534 (1993). Before the enactment of the AEDPA, a "successive petition" for relief was one that raised "grounds identical to those raised and rejected on the merits on a prior petition," and a "petition raising grounds that were available but not relied upon in a prior petition" could be dismissed on the ground that the petitioner "ha[d] abused the writ." *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n. 6, (1986).

Petitioner's 2006 habeas petition raised four grounds for relief: (1) the conviction was against the weight of the evidence; (2) the trial court erred by denying Petitioner's motion for acquittal pursuant to Rule 29; (3) the trial court abused its discretion by denying Petitioner's motion to change venue; (4) Petitioner was denied his right to effective assistance of counsel. This 2006 habeas petition clearly related to Petitioner's 2004 conviction and occurred after Petitioner had exhausted his state appeals.

In Ground 2 of this 2013 habeas petition, Petitioner claims that his conviction was against the manifest weight of the evidence. This exact claim was presented in Petitioner's 2006 habeas petition. 28 § U.S.C. 2244(b)(1) directs that a district court shall dismiss a claim that was

5

presented in a prior application when it is presented in a "second or successive" habeas application. Consequently, the Court dismisses this claim.

In Ground 1, Petitioner claims that a material element was omitted from the indictment. In Ground 5, Petitioner claims that appellate counsel was ineffective for not raising the fact that the felonious assault and murder are of similar import. In Ground 6, Petitioner argues that appellate counsel was ineffective for not raising the State's misconduct during its closing argument in the direct appeal. In Ground 7, Petitioner argues that appellate counsel was ineffective for not raising trial counsel's failure to object to the State's improper statements during its closing arguments in the direct appeal.

The Magistrate Judge concluded that Grounds 1, 5, 6, and 7 did not fall into either of the exceptions for a "second of successive petition" in § 2244(b)(2). The Magistrate Judge found that Petitioner had failed to make a persuasive argument that any of these grounds relied on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, as laid out in § 2244(b)(2)(A). Likewise, the Magistrate Judge found that the Petitioner had failed to present any newly discovered evidence that would establish by clear and convincing evidence that no reasonable fact-finder would have found him guilty of the charged offenses, as required by § 2244(b)(2)(B). This Court agrees with the Magistrate Judge. Because these grounds fail to fall within either exception in § 2244(b)(2), this Court dismisses them.

The Magistrate Judge found that Ground 3 for relief, which alleged that the trial court imposed a harsher sentence upon Petitioner after he won a successful challenge to the initial sentence, had been procedurally defaulted. The claim was defaulted because Petitioner filed a

6

motion for delayed appeal of his new sentence in the Supreme Court of Ohio after the 45 days designated for instituting an appeal had run. This appeal was denied by the Supreme Court of Ohio. Petitioner alleged that his failure to file within the 45 days was in part the fault of his appellate counsel and in part the fault of legal services where he is incarcerated. The Magistrate Judge determined that Petitioner had failed to raise these claim in state court so they are procedurally defaulted and could not serve as an adequate cause to excuse the default of the underlying claim of trial error. This Court agrees.

Finally, the Magistrate Judge rejected Ground 4, which challenged the Ohio Court of Appeals exercise of discretion when it denied Petitioner's application for reopening, as being non-cognizable because it challenges a perceived error of state law. Petitioner's assertions to the contrary are unavailing. The Court agrees with the Magistrate Judge on this ground as well.

For the reasons stated above, and those stated in the Report and Recommendation which is incorporated herein, the Petition for Writ of Habeas Corpus is denied.

**Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is dismissed. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Dated: 9/26/13                     United States District Judge