UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DeLawrence A. King, | ) | CASE NO. 1:12 CV 2000 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Donald Morgan, Warden | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Knepp (Doc. 31) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed objections to the recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any

1

proposed finding or recommendation."

### **Discussion**

Petitioner is incarcerated following his murder convictions. This is a "second-in-time" habeas petition challenging his conviction following a new sentencing proceeding. This matter is before the Court upon remand by the court of appeals for consideration of the five habeas grounds which were originally dismissed as successive. The Magistrate Judge found that none of the grounds warrant issuance of the writ. This Court agrees.

The Magistrate Judge determined that Ground One, asserting a defective indictment, was non-cognizable on habeas review given that there is no federal constitutional right to an indictment in state criminal proceedings. Only fair notice of the charges is required, and petitioner's indictment clearly stated the essential elements of the crimes of murder and felonious assault with sufficient factual allegations to apprise him of the charges. Petitioner objects that the indictment did not specify the underlying offense to the felony murder charges. Petitioner presented this argument to the Magistrate Judge who found that fair notice was satisfied. The Court agrees that the indictment had sufficient information to provide petitioner with adequate notice and the opportunity to defend himself.

The Magistrate Judge determined that Ground Two, asserting that the convictions were against the manifest weight of the evidence, failed on the merits as the appellate court decision was neither contrary to, nor an unreasonable application of, *Jackson v. Virginia*, 443 U.S. 307 (1979). Noting the "nearly insurmountable hurdle" of asserting a claim such as this, the Magistrate Judge addressed the basis of petitioner's argument and whether petitioner had met his burden under *Jackson.* He concluded that he had not. Petitioner's objections present

nothing further to disturb that conclusion.

The Magistrate Judge found remaining Grounds Five, Six, and Seven, asserting ineffective assistance of appellate counsel, to be procedurally defaulted. And, even if preserved, would fail on the merits. In his objections, petitioner does not present persuasive arguments to show that these claims are not procedurally defaulted or, if preserved, have merit.

For these reasons and those stated by the Magistrate Judge, whose Report and Recommendation is incorporated herein, the Petition for Writ of Habeas Corpus is denied.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/5/17